IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN, | No. 2:13-cv-2390-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| ANDREW NANGALAMA, et al. | |
| Defendants. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's application to proceed in forma pauperis (Doc. 2).

   The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

1    Thus, when a prisoner plaintiff has had three or more prior actions dismissed for
2 one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in
3 forma pauperis unless the imminent danger exception applies.  The court has previously
4 determined that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. §
5 1985(g).  See Green v. Casados, Case No. 2:13-cv-1421-GEB-EFB P (Doc. 7, 9).
6    In this case, it does not appear that plaintiff was under imminent danger of serious
7 physical injury when he filed the instant complaint.  See 28 U.S.C. § 1915(g); Andrews v.
8 Cervantes, 493 F.3d 1037, 1055 (9th Cir. 2007).  Rather, plaintiff appears to be complaining
9 about the medical treatment he has been receiving for a chronic condition.  The information and
10 exhibits plaintiff attaches to his complaint indicate that he is receiving treatment for his
11 condition, but that he simply disagrees with the treatment he is receiving.  His allegations do not
12 demonstrate that he suffered from imminent danger of serious physical injury at the time he filed
13 his complaint.[1]  Thus, the imminent danger exception does not apply.
14    Based on the foregoing, the undersigned recommends that plaintiff's motion to
15 proceed in forma pauperis (Doc. 2) be denied, plaintiff be barred from proceeding in forma
16 pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g), and this case
17 dismissed without prejudice.
18    These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
20 after being served with these findings and recommendations, any party may file written
21 / / /
22 / / /
23 / / /

---

[1] It further appears plaintiff's complaint does not state a claim for violation of his Eighth Amendment rights as he is receiving treatment for his condition, and a disagreement as to the proper treatment is insufficient to state a claim under 28 U.S.C. § 1983.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE