UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN, | No. 2:13-cv-2390-LKK-CMK-P |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW NANGALAMA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On April 17, 2014, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this court has conducted a de novo review of this case. The magistrate judge recommends that plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g) and this case be dismissed without prejudice. For the reasons set forth herein, the court declines to adopt the findings and recommendations.

Section 1915(g) of Title 28 of the United States Code provides:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Plaintiff does not dispute the finding that he has had three prior actions dismissed under the statutory criteria. He does, however, object to the magistrate judge's finding that "it does not appear that plaintiff was under imminent danger of serious physical injury when he filed the instant complaint." Findings and Recommendations (ECF No. 7) at 2.

The magistrate judge's finding that plaintiff was not under imminent danger of serious physical injury when he filed the complaint arises from the finding that plaintiff "is receiving treatment for his condition" but "disagrees with the treatment he is receiving." Findings and Recommendations, filed April 17, 2014 (ECF No. 7) at 2. Plaintiff objects to the finding that he is receiving treatment for his nerve pain. Plaintiff's objection has merit.

Plaintiff has attached to his complaint an administrative grievance and responses thereto from 2011. While the responses at the first and second levels of review indicate that plaintiff was receiving treatment when those were prepared, the Director's Level decision shows that as of October 2011, plaintiff was not receiving any pain medication and that medical appointments in August and September 2011 "showed no active medical problems related to facial neurologic symptoms" and that "referral to a neurologist was not medically indicated." Complaint (ECF No. 1) at 12. Plaintiff was "encouraged to submit a CDC 7362, Request for Health Care Services Form, to discuss any medical concerns" he might have. Id. The inference to be drawn from this exhibit and the contentions in plaintiff's objections is that plaintiff stopped receiving pain medication for his facial nerve condition by the end of April 2011 and has not receiving any treatment for his facial nerve condition since that time.[1]

The United States Court of Appeals for the Ninth Circuit has emphasized that "§ 1915(g) concerns only a threshold procedural question – whether the filing fee must be paid upfront or later." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). Section 1915(g) "'is not a

---

[1] It appears plaintiff may also be challenging defendants' failure to provide surgical treatment for the nerve damage.

1  vehicle for determining the merits of a claim.'" Id. (quoting Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003)).[2]  The relevant § 1915(g) inquiry is not "overly detailed" and "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury'" at the time of filing. Id.  Allegations of ongoing serious physical injury that is either "'imminent *or* occurring at the time the complaint is filed'" are sufficient to satisfy the imminent danger exception to the § 1915(g) bar. Id. at 1056 (quoting Ciarpaglini, 352 F.3d at 330 (emphasis in original)).

Here, the allegations of plaintiff's complaint suggest that he is claiming defendants are violating his rights under the Eighth Amendment by failing to provide treatment to repair the nerve damage.  It is unclear from the complaint itself whether plaintiff's claim is grounded solely in the alleged denial of treatment to repair the damage, or whether it is also based on the alleged denial of pain medication, and the magistrate judge did not have the benefit of the clarity provided by plaintiff's objections at the time he made the findings and recommendations before the court.  Plaintiff's objections make clear his Eighth Amendment claim is grounded in the alleged absence of all treatment, including pain medication, for the alleged ongoing pain and other effects of his facial nerve damage.  This claim satisfies the requirements of the exception to the §1915(g) bar.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations filed April 17, 2014; and

2. This matter is referred back to the assigned magistrate judge for further proceedings.

DATED: July 8, 2014.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Here, the magistrate judge also found in a footnote that "[i]t further appears plaintiff's complaint does not state a claim for violation of his Eighth Amendment rights as he is receiving treatment for his condition, and a disagreement as to the proper treatment is insufficient to state a claim under 28 U.S.C. § 1983 [sic]." Findings and Recommendations (ECF No. 7) at 2. This finding, which does not form the basis for the recommended dismissal of this action, is also based on the finding to which plaintiff objects, namely, that he is receiving treatment for the nerve damage and its alleged consequences.

3