IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN,<br><br>            Plaintiff,<br><br>    vs.<br><br>ANDREW NANGALAMA, et al.<br><br>            Defendants.<br>_____/ | No. 2:13-cv-2390-KJM-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATION |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he is not receiving adequate medical care in violation of the Eighth Amendment.  Specifically, he alleges defendant Nangalama is not treating his neurological issues, and he is not being provided adequate pain medicine.  He further alleges defendants Deems and Zamora are allowing the misconduct of defendant Nangalama to continue.

## II. DISCUSSION

As addressed in a separate order, the undersigned finds plaintiff's complaint sufficiently states a claim against defendant Nangalama.  However, his claims against both Deems and Zamora are insufficient.  First, defendants Deems and Zamora are both supervisory defendants.  The only allegations against either of them relate to allowing defendant Nangalama to provide inadequate treatment to plaintiff.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government

officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Here, there are no allegations that either Deems or Zamora were actually involved in plaintiff's treatment.  Rather, it is clear from the complaint and the attachments thereto that the only involvement either Deems or Zamora had with plaintiff relates to either their supervisory position, or their evaluation of plaintiff's inmate grievance.

Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

grievances does not support constitutional claim); <u>James v. U.S. Marshal's Service</u>, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); <u>Murray v. Marshall</u>, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process.  <u>See</u> <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

There is no allegation in the complaint that plaintiff's grievance process was interfered with by anyone.  Rather, the complaint and attachments thereto show that plaintiff was able to proceed through the inmate grievance process, and that defendants Deems and Zamora were the authorized reviewing authority and that was their only involvement in plaintiff's medical treatment, or lack thereof.  As such, plaintiff's complaint fails to state a claim against either Deems or Zamora, and no amendment would cure the defects therein.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendants Deems and Zamora be dismissed from this action; and that this action continue against defendant Nangalama only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of

objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE