UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN,               | No.  2:13-cv-2390-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| ANDREW NANGALAMA, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On October 30, 2014, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time.  No objections to the findings and recommendations have been filed.

The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).  Having reviewed the file, for the reasons set forth below the court concurs in the recommended dismissal of defendants Deems and Zamora.

/////

1           Plaintiff claims that his right to constitutionally adequate medical care has been
2    violated by failure to provide adequate treatment for his facial nerve damage and associated pain.
3    Complaint at 3, 6, ECF No. 1.  Defendants Deems and Zamora reviewed plaintiff's inmate health
4    care administrative appeal seeking pain medication and other treatment, including a neurology
5    consult at, respectively, the second and third levels of administrative review.  *Id*. at 7-8, 11-12.
6    The magistrate judge recommends their dismissal on the grounds that (1) there are no allegations
7    that either defendant was involved in the actual treatment of plaintiff; and (2) that plaintiff has no
8    due process protection in the administrative grievance procedure, there are no allegations that
9    procedure was interfered with, and the only role defendants Deems and Zamora had in plaintiff's
10   medical care was reviewing the grievance at higher levels of review.  Findings and
11   Recommendations at 3-4, ECF No. 12.

12          Plaintiff alleges that in reviewing his grievance defendants Deems and Zamora
13   "sustained the misconduct of the defendant Nangalama" who "failed to assist plaintiff in adequate
14   effective fixing of the facial nerve damage he suffers from."  ECF No. 1 at 3.  This claim arises, if
15   at all, under the Eighth Amendment's ban on deliberate indifference to serious medical needs.

16          Where, as here, an inmate's administrative grievance concerns an ongoing alleged
17   unconstitutional denial of adequate medical care and the reviewer "had the authority and
18   opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by
19   alleging that the appeals coordinator knew about an impending violation and failed to prevent it."
20   *Herrera v. Hall*, 2010 WL 2791586, slip op. at 4 (E.D.Cal. 2010) (citing *Taylor v. List*, 880 F.2d
21   1040, 1045 (9th Cir. 1989)).  A cognizable Eighth Amendment claim against defendants Deems
22   and Zamora would require factual allegations suggesting each defendant acted with deliberate
23   indifference to plaintiff's serious medical needs.  *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th
24   Cir. 2011) ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately
25   indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement
26   – and the liability – of that supervisor.").  There are no allegations to suggest either defendant
27   Deems or defendant Zamora was deliberately indifferent to plaintiff's medical needs in
28   responding to plaintiff's grievance.  Accordingly, these two defendants will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The recommendations filed October 30, 2014, are adopted, for the reasons set forth above;
2. Defendants Deems and Zamora are dismissed from this action; and
3. This action shall continue against defendant Nangalama only.

DATED: March 23, 2015.

_____
UNITED STATES DISTRICT JUDGE