1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LONZELL GREEN,                             No. 2:13-cv-2390-KJM-CMK-P

12              Plaintiff,

13        vs.                                   <u>FINDINGS AND RECOMMENDATION</u>

14   ANDREW  NANGALAMA, et al.

15              Defendants.

16   _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss (Doc. 20).  Plaintiff

19   filed an opposition to the motion (Doc. 22) and defendant filed a reply (Doc. 23).

20          **I.      BACKGROUND**

21          This action proceeds on plaintiff's original complaint (Doc. 1) against defendant

22   Nangalama.  Reading the complaint broadly as the court must, it was originally determined that

23   plaintiff was alleging that the defendant had violated his Eighth Amendment rights by failing to

24   treat nerve damage on his face and failing to provide pain medication.  Two defendants, whom

25   the court determined were solely supervisory defendants, were dismissed from this action for

26   failure to state a claim.  This action proceeds only against defendant Nangalama.

1

## II.    MOTION TO DISMISS

Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff failed to file his complaint within the statute of limitations, and his complaint fails to state a claim.

Rule 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 662, 544, 555-57 (2007).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

2

1994).

Defendant brings this motion to dismiss on three grounds: that the action was filed beyond the statute of limitations, that the complaint fails to state a claim for denial of medical care, and that the complaint fails to state a claim for violation of the prison grievance system.

1.      Statute of Limitations

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations in § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."). State tolling statutes also apply to § 1983 actions. See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)). California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."[1]  Accordingly, prisoners generally have four years from the time the claim accrues to file their action.

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim

---

[1]      "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998). Thus, the length of the sentence is irrelevant.

1    accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of

2    action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996)).

3            Here, defendant contends plaintiff filed this action beyond the statute of

4    limitations, arguing plaintiff had two years from the time of the alleged incident to file his

5    complaint.  Defendant argues that the incident plaintiff alleges began in January 2011, and he

6    filed this action in November 2013, beyond the statute of limitations.  However, as discussed

7    above, prisoners are entitled to two years of tolling pursuant to California Civil Procedure Code

8    § 352.1(a).  With the tolling plaintiff is entitled as he was incarcerated during the relevant time

9    period, plaintiff had until 2015 to file this action.  As he filed this action on November 18, 2013,

10   he filed it before the expiration of the statute of limitations.  Therefore, there are no grounds to

11   dismiss this action as barred by the statute of limitations.

12           2.      Denial of Medical Treatment

13           In his complaint, plaintiff alleges the following:

14           Plaintiff contend defendant(s) Zamora, Deems sustained the
             misconduct of the Defendant Nangalama whom failed to assist
15           plaintiff in adequate effective fixing of the facial nerve damage he
             suffers from in CDCR (HC) 602 Log No. #SAC-HC-11-13336,
16           Plaintiff contend in CDCR MH-7230S doctor S. Hewette diagnose
             such condition to be distress that is suffering and a deliberate
17           indifference to plaintiff medical needs in direct violation of
             Plaintiff Eighth Amendment Constitutional right in Estelle v.
18           Gamble (1976), 429 U.S. 97, 104, the Court ordered in part
             "Denial of medical care may result in pain and suffering which no
19           one suggests would serve any penological purpose. Cf. Gregg v.
             Georgia Supra, at 173, 96 S.Ct. 2924-25 (joint opinion) the
20           infliction of such unnecessary suffering," (See Ex. H. "A", CDCR
             602, CDCR MH-7230A).
21   (Compl., Doc. 1 at 3).

22           Attached to his complaint as an exhibit, plaintiff provides the court with a copy of

23   his prison grievance originally filed in January 2011, and a copy of his medication reconciliation.

24   In the grievance, plaintiff further explains that he suffers from painful nerve damage and

25   involuntary twitching, and that as of June 2011, he was no longer receiving the pain medication.

26   (Compl., Doc. 1 at 5).  In the medication reconciliation, defendant Nangalama is indicated as the

4

prescribing doctor for plaintiff's numerous medications.  Defendant Nangalama also signed a

medications agreement with plaintiff, which indicates defendant Nangalama was plaintiff's

treating physician in 2011.

Defendant moves to dismiss on the basis that at best plaintiff's complaint and

grievance shows a disagreement with his treatment, not the necessary deliberate indifference

required for an Eighth Amendment violation.

The treatment a prisoner receives in prison and the conditions under which the

prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

(1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

"food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

when two requirements are met: (1) objectively, the official's act or omission must be so serious

such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

sufficiently serious if the failure to treat a prisoner's condition could result in further significant

injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

> The requirement of deliberate indifference is less stringent in medical needs cases

than in other Eighth Amendment contexts because the responsibility to provide inmates with

medical care does not generally conflict with competing penological concerns.  See McGuckin,

974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989).  The complete denial of medical attention may constitute deliberate indifference.  See

Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference.

See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

> Negligence in diagnosing or treating a medical condition does not, however, give

rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

difference of opinion between the prisoner and medical providers concerning the appropriate

course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

90 F.3d 330, 332 (9th Cir. 1996).

> Defendant argues that defendant Nangalama's decision was a medical decision,

and it was not unacceptable in light of the circumstances.  Plaintiff, in his opposition to the

motion, argues that his complaint is not about the grievance process, but charges the defendant

with providing inadequate medical treatment, which left plaintiff in pain.

> Based on the allegations in the complaint, and the information set forth in the

exhibits thereto, it would appear that defendant Nangalama was plaintiff's treating physician,

1   responsible for the treatment of his pain and other maladies.  At one point, plaintiff was provided

2   a prescription for Methadone for a limited time.  Plaintiff makes it clear that part of his complaint

3   is the denial of pain medication.  Withholding necessary pain medication can be the basis for an

4   Eighth Amendment violation.  Similarly, it would appear that defendant Nangalama was

5   responsible for treating and/or referring plaintiff for treatment of his nerve damage, which

6   plaintiff alleges he failed to do.  Whether or not plaintiff will be able to sufficiently support his

7   claims in order to prevail in this action is not before the court.  However, it appears there are

8   sufficient allegations of deliberate indifference to deny defendant's motion to dismiss for failure

9   to state a claim.

10                        3.        Prisoner Grievance

11                        Prisoners have no stand-alone due process rights related to the administrative

12   grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

13   Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling

14   inmates to a specific grievance process).  Because there is no right to any particular grievance

15   process, it is impossible for due process to have been violated by ignoring or failing to properly

16   process grievances.   Numerous district courts in this circuit have reached the same conclusion.

17   See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly

18   process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863

19   (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

20   grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

21   29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process

22   a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967

23   (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function

24   properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment

25   right to petition the government through the prison grievance process.  See Bradley v. Hall, 64

26   F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in

1    certain circumstances, implicate the First Amendment.

2           To the extent plaintiff's claims are based on defendant Nangalama denial of his

3    inmate grievance, plaintiff's complaint would fail to state a claim.  However, as set forth above,

4    it appears that defendant Nangalama was actually a treating provider not solely a reviewer of a

5    prison grievance, and to that extent plaintiff's allegations are sufficient to survive a motion to

6    dismiss.

7                    **III.    CONCLUSION**

8           Based on the foregoing, the undersigned recommends that defendant's motion to

9    dismiss (Doc. 20) be denied and this action continue against defendant Nangalama.

10          These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court.  Responses to objections shall be filed within 14 days after service of

14   objections.  Failure to file objections within the specified time may waive the right to appeal.

15   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17    DATED: March 14, 2016

18                                            _____

19                                            **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26