IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZELL GREEN, | No. 2:13-cv-2390-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW NANGALAMA, et al. | |
| Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be

viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  This case involves claims of denial of adequate medical treatment.  These claims are fairly straightforward and not particularly complex, either legally or factually.  Plaintiff requests the appointment of counsel due to his inability to pay for counsel, difficulties relating to his imprisonment and inexperience, and his pain from the nerve damage.  However, none of those reasons meet the exceptional circumstance requirement for the appointment counsel.  There is nothing in plaintiff's motion to indicate he is unable to comprehend these proceedings, and based on the filings in the case thus far, it would appear plaintiff has the ability to articulate his claims.  The difficulties he may have due to his imprisonment and/or inexperience is not unique to plaintiff, as most pro se prison litigants have the same difficulties.  Finally, as to the merits of plaintiff's case, this action will likely involve plaintiff's medical records and testimony of both plaintiff and his treating physician.  Based on the arguments made and evidence submitted with the defendant's motion for summary judgment, the undersigned cannot find there is a reasonable likelihood that plaintiff will be successful on the merits of his case at this time.  If this action survives summary judgment, plaintiff may renew his motion for the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 28) is denied.

DATED:  November 30, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE